IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CRAIG VAN-ALDO SMITH, | : |
| | : |
| Plaintiff | : |
| | :   7:04-CV-117 (HL) |
| vs. | : |
| | : |
| AL JONES, NURSE GASKINS, | : |
| DR. MOODY, NURSE FRYE, | |
| WARDEN BARROW, | : |
| NURSE BAUENTINEL a/k/a | :   **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| NURSE STEPHENS, | :   **BEFORE THE U.S. MAGISTRATE JUDGE** |
| | : |
| Defendants | : |

### RECOMMENDATION

*Pro se* prisoner plaintiff **CRAIG VAN-ALDO SMITH,** filed the above-styled complaint pursuant to 42 U.S.C. § 1983.

### I. STANDARD OF REVIEW

#### A. 28. U.S.C. § 1915(e)(2)

Because plaintiff sought leave to proceed *in forma pauperis*, the Court is conducting a review of the instant complaint for frivolity under 28 U.S.C. § 1915(e)(2). Notwithstanding any filing fee or portion thereof that might have been paid, a court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an

arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations. *Id*. at 327; *See also* ***Clark v. Georgia Pardons & Paroles Bd.***, 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

### B. General Requirements of 42 U.S.C. § 1983

In any action under 42 U.S.C. § 1983, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present. First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. Second, he must allege that the act or omission was committed by a person acting under color of state law. ***Parratt v. Taylor***, 451 U.S. 527, 535, *overruled in part on other grounds*, 474 U.S. 327 (1986).

## II. PLAINTIFF'S ALLEGATIONS

The crux of plaintiff's complaint is that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. ***See Estelle v. Gamble***, 429 U.S. 97, 104 (1976)(Establishing deliberate indifference to a prisoner's serious medical needs violates the eighth amendment because the denial is tantamount to "unnecessary and wanton infliction of pain."). Plaintiff names Al Jones, Medical Director, Nurse Gaskins, Dr. Moody, Nurse Frye, Warden Barrow and Nurse Bauentinel a/k/a Nurse Stephens as defendants.

## III. DISCUSSION

*A.  Al Jones*

A plaintiff cannot prevail under 42 U.S.C. § 1983 based solely on a theory of respondeat superior.  ***Rogers v. Evans***, 792 F.2d 1052, 1058 (11th Cir. 1986); ***H.C. by Hewett v. Jarrard***, 786 F.2d 1080, 1086-87 (11th Cir. 1986).  In order to prevail on a § 1983 claim against a supervisory official, a plaintiff must show that the named defendant was actually involved in, or exercised control or direction over, the alleged constitutional deprivation.  ***Cotton v. Jenne***, 326 F.3d 1352, 1360 (11th Cir. 2003); ***Hartley v. Parnell***, 193 F.3d 1263, 1269 (11th Cir. 1999).  The plaintiff must also allege deprivation of rights by individual employees in their official capacity.  ***Kentucky v. Graham***, 473 U.S. 159, 166 (1985); ***Patrick v. Floyd Med. Ctr.***, 201 F.3d 1313, 1316 (11th Cir. 2000); ***McLaughlin v. City of LaGrange***, 662 F.2d 1385, 1388 (11th Cir. 1981).

Plaintiff has not demonstrated that Al Jones was actually involved in, or exercised control or direction over, the alleged constitutional deprivation in this case.

Therefore, it is the **RECOMMENDATION** of the undersigned that the claim against defendant Al Jones be **DISMISSED** and that said party be terminated as a party herein.

*B.  Nurse Gaskins and Nurse Frye*

Upon initial consideration of plaintiff's complaint, it clearly appears that although Nurse Gaskins and Nurse Frye have been named as defendants, no allegations have been set forth against them under § 1983 or otherwise.  Therefore, no action can be maintained against these defendants, and **DISMISSAL** is appropriate prior to ordering service upon them.  **IT IS SO RECOMMENDED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this

**RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

### C. Defendants Dr. Moody, Warden Barrow and Nurse Bauentinel a/k/a Nurse Stephens

By separate order, plaintiff's claims against defendants Defendants Dr. Moody, Warden Barrow and Nurse Bauentinel a/k/a Nurse Stephens will be allowed to proceed.

**SO RECOMMENDED**, this 21st day of October, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh