IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CRAIG VAN-ALDO SMITH, | : |
| Plaintiff, | : |
| vs. | : Civil Action File No. |
| | : **7:04-CV-117 (HL)** |
| DR. MOODY, et al., | : |
| Defendants. | : |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner action is a motion for summary judgment (doc. 21) for failure to exhaust administrative remedies. The undersigned notified the plaintiff of the filing of the motion, which was converted from a motion to dismiss, and the importance of responding to such. However, plaintiff has failed to file any response to the motion. Furthermore, a review of the file reveals that plaintiff has not diligently prosecuted this action.

In his complaint, plaintiff alleges that the defendants were deliberately indifferent to his various serious medical needs while he was incarcerated at Valdosta State Prison.

The Georgia Department of Corrections' grievance procedure allows inmates to obtain and file an Inmate Grievance Form for any complaints against officers/staff members, including medical staff members, or any other complaint whatsoever, including but not limited to complaints about the conditions of an inmate's confinement or inadequate medical care. (Ex. A, para 4). The administrative grievance process requires an inmate to file an inmate grievance form with the Warden's office, whereupon such grievance is investigated and responded to by the Warden's office. (Ex. A, para 4). If an inmate is not satisfied with the Warden's response to an

inmate's grievance, such inmate must appeal such grievance to the Georgia Department of Corrections Inmate Appeals Unit, which Unit investigates and makes the final ruling on any complaint at the administrative level. (Ex. A, para 4).

According to the affidavits and other documents attached by defendants to their motion, plaintiff filed a total of five formal grievances while at Valdosta State Prison, appealed two to the administrative level, but then dropped them prior to any resolution at the administrative level. He did not complete the appeals process of any of the grievances he filed while at Valdosta State Prison.

Section 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

Plaintiff has failed to produce any evidence that he did in fact exhaust administrative remedies. Plaintiff has not satisfied the exhaustion requirement of § 42 U.S.C. 1997(e). The clear mandate of Alexander v. Hawk is that a prisoner must exhaust the remedies available under an administrative remedy program before filing an action such as this.

Consequently, it is the RECOMMENDATION of the undersigned that defendants' motion for summary judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 9th day of January, 2008.

                                            /S/ Richard L. Hodge
                                            RICHARD L. HODGE
                                            UNITED STATES MAGISTRATE JUDGE

msd